**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 12-cv-1032-WJM-MJW

AMERICAN ENTERPRISE BANK, an Illinois state bank

    Plaintiff,

v.

SPRING HILL HOLDINGS, LLC, a Colorado limited liability company
GEMINI FITNESS GROUP, INC., a Colorado corporation d/b/a ORCHARD ATHLETIC CLUB,
AINSLEE MACEACHRAN,
HUGH MACEACHRAN,
ELIZABETH MACEACHRAN,
JOHN MACEACHRAN,
SMALL BUSINESS ADMINISTRATION,
WATERBURY ORCHARDS, LLC, a Colorado limited liability company, and
PUBLIC TRUSTEE OF LARIMER COUNTY

    Defendants.

## ORDER GRANTING JUDGMENT OF FORECLOSURE

This matter comes before the Court on the Parties' Joint Stipulation for Entry of Agreed Judgment of Foreclosure, filed February 28, 2014 (ECF No. 81).  The Court having reviewed the Stipulation and being fully advised hereby FINDS as follows:

    1.    Each Defendant herein has been properly served, and the Court has jurisdiction of all the parties and the subject matter of this action;

    2.    The allegations of the Complaint for Judicial Foreclosure and Other Relief (the "Complaint") pertaining to the real property to be foreclosed are true;

    3.    Defendants Spring Hill Holdings, LLC, Elizabeth MacEachran, and John MacEachran (collectively the "Spring Hill Defendants"), are in default

under the terms of the promissory notes and deeds of trust described in the Complaint and owe the following amounts:

| | |
|---|---:|
| Unpaid principal on 504 Note | $923,475.05 |
| Interest from date of default to the date hereof: | 151,113.18 |
| Late charges | 11,812.66 |
| Unpaid principal on 7(a) Note | 607,718.91 |
| Interest from date of default to the date hereof | 87,786.25 |
| Late charges | 9,505.08 |
| Attorneys' Fees: | 94,352.58 |
| Court costs to date: | 350.00 |
| Expenses incurred by Plaintiff in connection herewith: | 136,781.81 |
| TOTAL: | $2,022,895.52 |

4. The attorneys' fees are reasonable and allowed as a cost of foreclosure;

5. The sum due Plaintiff from the Spring Hill Defendants is secured by a Deed of Trust recorded on December 9, 2005, at reception no. 2005-0105425, in the Larimer County, Colorado records (the "Deed of Trust"), which is a prior and superior lien upon the real property in the amount of $2,022,895.52, and the interests of all Defendants in the property are junior and subordinate to the lien of Plaintiff. *See* Stipulation By and Between Plaintiff and Defendant Small Business Administration, filed 7/3/12, at ¶16 (ECF No. 30); Stipulation By and Between Plaintiff and Defendant Waterbury Orchards, LLC, filed 7/31/12, at ¶9 (ECF No.38);

        Court Order Granting Plaintiff's Unopposed Motion for order Approving Stipulations With Small Business Administration and Waterbury Orchards, LLC (text only entry), dated 9/5/12 (ECF No. 43); and

6. The real property subject to foreclosure is commercial property for which no Defendant is entitled to a homestead exemption.

It is hereby ORDERED that

1. The Parties' Stipulation is GRANTED

2. The Deed of Trust shall be foreclosed, and the Sheriff of Larimer County, Colorado is ordered to sell the following real property in the same manner as prescribed by statute for the sale of land upon execution:

   Parcel A: Lot 1, Orchards Seventh Subdivision to the City of Loveland, County of Larimer, State of Colorado,

   Together with non-exclusive easements for parking, driveways and incidental purposes as set forth in Declaration of Restrictions and grant of Easements recorded April 08, 1976 in Book 1693 at Page 637 and rerecorded May 21, 1976 in Book 1700 at Page 618 and set forth in Declaration and Cross-Easement Agreement recorded September 30, 1977 in Book 1803 at Page 275.

   The real property or its address is commonly known as 289 E. 29th Street, Loveland, CO 80538. The Real Property tax identification number is 9501335001.

3. Said Sheriff shall apply the proceeds of such sale as follows:

   a. First, to pay all fees, costs, and expenses incurred in connection with the sale;

   b. Second, to repay advances for taxes, insurance, etc. after judgment;

   c. Third, to pay Plaintiff the amount of said judgment and interest;

       d.       Fourth, to pay any balance remaining into the registry of the Court to be applied as the Court shall hereinafter direct.

4. This Decree shall be a Writ of special execution and no levy need be made.

5. Following said sale, the Sheriff shall execute and deliver a Certificate of Purchase to the highest bidder for cash at said sale and cause a duplicate of said Certificate of Purchase to be recorded with the Clerk and Recorder of Larimer County, Colorado, make a report of said sale to this Court, as soon as possible thereafter and, upon expiration of the period of redemption provided by law, execute and deliver a Deed conveying the real property to the holder of the Certificate of Purchase unless the property is sooner redeemed.

Dated this 5th day of March, 2014.

BY THE COURT:

William J. Martínez
United States District Judge