## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

**Civil Action No. 12-cv-01032-WJM-MJW**

**AMERICAN ENTERPRISE BANK, an Illinois state bank,**

      **Plaintiff**

v.

**SPRING HILL HOLDINGS LLC, a Colorado limited liability company,**
**GEMINI FITNESS GROUP, INC., a Colorado corporation d/b/a ORCHARDS**
**ATHLETIC CLUB,**
**AINSLEE MacEACHRAN,**
**HUGH MacEACHRAN**
**ELIZABETH MacEACHRAN,**
**JOHN MacEACHRAN,**
**SMALL BUSINESS ADMINISTRATION,**
**WATERBURY ORCHARDS, LLC, a Colorado limited liability company, and**
**PUBLIC TRUSTEE OF LARIMER COUNTY,**

      **Defendants**

---

## JUDGMENT OF FORECLOSURE

---

THE COURT HEREBY GRANTS the Stipulation for Entry of Agreed Judgment of

Foreclosure and specifically finds as follows:

    1.      Each Defendant herein has been properly served, and the Court has jurisdiction of

all the parties and the subject matter of this action.

    2.      The allegations of the Complaint for Judicial Foreclosure and Other Relief (the

"Complaint") pertaining to the real property to be foreclosed are true.

    3.      Defendants Spring Hill Holdings, LLC, Elizabeth MacEachran, and John

MacEachran (collectively the "Spring Hill Defendants"), are in default under the

terms of the promissory notes and deeds of trust described in the Complaint and

owe the following amounts:

| | |
|---|---:|
| Unpaid principal on 504 Note | $923,475.05 |
| Interest from date of default to the date hereof: | 151,113.18 |
| Late charges | 11,812.66 |
| | |
| Unpaid principal on 7(a) Note | 607,718.91 |
| Interest from date of default to the date hereof | 87,786.25 |
| Late charges | 9,505.08 |
| | |
| Attorneys' Fees: | 94,352.58 |
| Court costs to date: | 350.00 |
| Expenses incurred by Plaintiff in connection herewith: | 136,781.81 |
| | |
| **TOTAL** | $2,022,895.52 |

4.     The attorneys' fees are reasonable and allowed as a cost of foreclosure.

5.     The sum due Plaintiff from the Spring Hill Defendants is secured by a Deed of

Trust recorded on December 9, 2005, at reception no. 2005-0105425, in the

Larimer County, Colorado records (the "Deed of Trust"), which is a prior and

superior lien upon the real property in the amount of $2,022,895.52, and the

interests of all Defendants in the property are junior and subordinate to the lien of

Plaintiff.  *See* Stipulation By and Between Plaintiff and Defendant Small Business

Administration, filed 7/3/12, at ¶16 (Doc. # 30); Stipulation By and Between

Plaintiff and Defendant Waterbury Orchards, LLC, filed 7/31/12, at ¶9 (Doc. #

38); Court Order Granting Plaintiff's Unopposed Motion for order Approving

Stipulations With Small Business Administration and Waterbury Orchards, LLC

(text only entry), dated 9/5/12 (Doc. #43).

6.     The real property subject to foreclosure is commercial property for which no

Defendant is entitled to a homestead exemption.

2

IT IS DECREED:

1.      The Deed of Trust shall be foreclosed, and the Sheriff of Larimer County,

        Colorado is ordered to sell the following real property in the same manner as

        prescribed by statute for the sale of land upon execution:

                Parcel A: Lot 1, Orchards Seventh Subdivision to the City of Loveland,
                County of Larimer, State of Colorado,

                Together with non-exclusive easements for parking, driveways and
                incidental purposes as set forth in Declaration of Restrictions and grant of
                Easements recorded April 08, 1976 in Book 1693 at Page 637 and
                rerecorded May 21, 1976 in Book 1700 at Page 618 and set forth in
                Declaration and Cross-Easement Agreement recorded September 30, 1977
                in Book 1803 at Page 275.

                The real property or its address is commonly known as 289 E. 29th Street,
                Loveland, CO 80538.  The Real Property tax identification number is
                9501335001.

2.      Said Sheriff shall apply the proceeds of such sale as follows:

        (a)     First, to pay all fees, costs, and expenses incurred in connection with the

                sale;

        (b)     Second, to repay advances for taxes, insurance, etc. after judgment;

        (c)     Third, to pay Plaintiff the amount of said judgment and interest.

        (d)     Fourth, to pay any balance remaining into the registry of the Court to be

                applied as the Court shall hereinafter direct.

3.      This Decree shall be a Writ of special execution and no levy need be made.

4.      Following said sale, the Sheriff shall execute and deliver a Certificate of Purchase
        to the highest bidder for cash at said sale and cause a duplicate of said Certificate
        of Purchase to be recorded with the Clerk and Recorder of Larimer County,
        Colorado, make a report of said sale to this Court, as soon as possible thereafter
        and, upon expiration of the period of redemption provided by law, execute and
        deliver a Deed conveying the real property to the holder of the Certificate of

Purchase unless the property is sooner redeemed.

Dated this __5th__ day of ___March_____, 2014.

BY THE COURT

s/T.Lee_____